IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FURMINATOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. |
| | ) | |
| SERGEANT'S PET CARE PRODUCTS, | ) | **JURY TRIAL DEMANDED** |
| INC., SWE, INC., KEFENG PAN, and | ) | |
| SHEDBUSTER.COM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>COMPLAINT</u>

This is FURminator, Inc.'s ("FURminator") complaint against Defendants Sergeant's

Pet Care Products, Inc. ("Sergeant's"), SWE, Inc. ("SWE"), Kefeng Pan, and ShedBuster.com

(Kefeng Pan and ShedBuster.com are hereinafter collectively "ShedBuster" and Sergeant's,

SWE, Kefeng Pan and ShedBuster.com are hereinafter collectively "Defendants").

## JURISDICTION AND VENUE

1.     This is an action for patent infringement, patent false marking, and trademark

infringement in which FURminator seeks preliminary and permanent injunctive relief as well as

damages.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (federal question)

and 1338 (patents, copyrights, trademarks and unfair competition related thereto).

## JURY TRIAL DEMANDED

3.     FURminator hereby demands a jury on all triable issues.

4721801.5

**THE PARTIES**

4.      FURminator is a Indiana corporation with its principal place of business at 1638 Headland Dr., Fenton, Missouri.

5.      Defendant Kefeng Pan is an individual resident of the State of Missouri.  On information and belief, Defendant Pan resides in Ballwin, Missouri, 63021.

6.      On information and belief, ShedBuster.com is a website owned and operated by Defendant Pan and others from the State of Missouri.

7.      On information and belief, Sergeant's is a Nevada Corporation having its principal place of business in Omaha, Nebraska.

8.      On information and belief, SWE is a California Corporation having its principal place of business in Tustin, California.

9.      On information and belief, all of the Defendants' infringing products are being offered for sale in the Eastern District of Missouri via one or more interactive websites.

10.      On information and belief, all of the Defendants' infringing products are being sold in the Eastern District of Missouri.

11.      On information and belief, all of the Defendants' infringing products have been sold and/or offered for sale within this district in violation of FURminator's provisional rights in U.S. Patent Application Serial No. 11/676,368 under 35 U.S.C. § 154(d) which issued as U.S. Patent No. 7,334,540 on February 26, 2008 and was published as Publication No. US 2007/0119383 on May 31, 2007.  On information and belief, all of the Defendants' infringing products have been sold and/or offered for sale within this district in violation of FURminator's provisional rights in U.S. Patent Application Serial No. 12/017,892 under 35 U.S.C. § 154(d) which issued as U.S.

Patent No. 7,509,926 on March 31, 2009 and was published as Publication No. US 2008/0178822 on July 31, 2008.

12.     On information and belief, venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400 because all of the Defendants reside here in that they are subject to personal jurisdiction here.  FURminator, ShedBuster.com and Kefeng Pan are all located within this judicial district.

**Statement of Facts**

13.     FURminator is an Indiana corporation formed in 2008.  It purchased all intellectual property rights from a  Missouri corporation of the same name formed by the husband and wife team of  David and Angela Porter ("Porters") in 2002.  FURminator's primary business is the promotion and sale of pet grooming tools and other pet products.

14.     The Porters invented the FURminator DeShedding Tools, and, taking great personal financial risk, pursued a dream to start a business and sell those products.  It took several years for the Porters to develop and to get their products to market.  Angela Porter, owner of a pet grooming salon, and David Porter, a graphic design artist, worked together during that time to develop the concept, build prototypes, and find a manufacturer for their products.

15.     On May 30, 2000, the Porters filed an application that eventually issued as U.S. Patent No. 6,782,846 (the '846 Patent) on August 31, 2004.

16.     The Porters filed several continuation applications from the '846 Patent application, including but not limited to the patents in suit, U.S. Patent No. 7,334,540 (the " '540 Patent"), a copy of which is attached as Exhibit 1, and U.S. Patent No. 7,509,926 (the "

'926 Patent"), a copy of which is attached as Exhibit 2.  The '540 Patent and the '926 Patent are collectively referred to herein as the "Patents in Suit."

17.     FURminator is the owner by assignment of the Patents in Suit.  The Patents in Suit are valid, enforceable and were duly issued in full compliance with Title 35 of the United States Code.

18.     FURminator produces several products that are covered by the Patents in Suit, including, but not limited to, the FurGOpet and FURminator DeSheddingTools (collectively referred to herein as FURminator DeSheddingTools), examples of which are depicted below:



**FurGOpet**                              **FURminator DeShedding Tool**

19.     FURminator markets the FURminator DeShedding Tools to pet grooming professionals, including pet groomers, veterinarians and animal rescue centers.  FURminator also markets these products to the general public through QVC (a televised shopping service), catalogs, the internet, mass retail outlets (such as PetSmart, Petco, and Target), professional pet groomers (who resell the FURminator line), printed advertisements, trade shows, and television advertisements.

20.     FURminator DeShedding Tools have been and continue to enjoy significant commercial success as well as widespread approval in the pet industry.  FURminator

DeShedding Tools have received numerous accolades, including several "Editor's Choice" awards by several pet product publications, numerous sales awards from major pet product retailers and was described as one of the best grooming products tested by the Tufts University School of Veterinary Medicine.  Since FURminator's predecessor began widespread sales of the FURminator DeShedding Tools in 2003, the FURminator DeShedding Tools have enjoyed substantial commercial success.  Sales of FURminator DeShedding Tools account for the majority of FURminator's revenues.

21.     FURminator has successfully litigated patent infringement suits against several manufacturers of products infringing at least one of the patents in suit.  FURminator has obtained judgments or consent judgments against Ontel Products Corp. in *FURminator, Inc. v. Ontel Products Corp.,* E.D. Mo., Case No. 4:06-cv-1294-CAS (a copy of which is attached as Exhibit 3), against PetEdge Inc. in *FURminator, Inc. v. PetEdge Inc*., E.D. Tex., Case No. 2:08-cv-92-DF (a copy of which is attached as Exhibit 4), against Munchkin, Inc. in *FURminator, Inc. v. Munchkin, Inc. and Kim Laube & Co., Inc*., E.D. Mo., Case No. 4:08-cv-367-ERW (a copy which is attached as Exhibit 5) and against Central Garden and Pet Co. in *FURminator, Inc. v. Central Garden and Pet Co., and Four Paws Products Ltd.,* Case No. 4:10-cv-536-DDN (a copy of which is attached as Exhibit 6).  The judgments against Munchkin, Inc. and Central Garden and Pet Co. indicate that a reasonable royalty for any tool covered by one or more of the claims of U.S. Patent 7,334,540 is $10.00 per tool.

22.     On information and belief, FURminator's success has caused FURminator's competitors to imitate FURminator's products.

### FURminator's U.S. Trademarks

23.     Beginning at least as early as 2002, FURminator and its predecessor-in-interest adopted and began using the FURMINATOR® trademark. Since that time, FURminator or its predecessor-in-interest have continuously used the FURMINATOR® trademark and other trademarks.  FURMINATOR® has been used alone or in connection with the distinctive "Paw" logo (see below) in interstate commerce in the United States for the purpose of identifying FURminator's pet products and for distinguishing goods from the goods of others.

24.     For ease of reference, these trademarks are referred to collectively herein as the "FURminator Marks." The FURminator Marks have been used in connection with grooming tools at least as early as the 2002.

25.     FURminator's trademark registrations pertinent to this action are as follows:

| FURminator's U.S. Trademarks | | |
|---|---|---|
| **Reg. No** | **Mark** | **Goods** |
| 3,238,141 | FURMINATOR (Stylized and/or with Design)  | Non-medicated, non-veterinary grooming preparation, namely deshedding hair conditioner for pets; **brushes for pets** |
| 2,965,342 | FURMINATOR | deshedding conditioner for pets; **pet brush, namely a grooming device for fur bearing animals in the nature of a brush-like instrument for removal of the animal's loose or shedding hair** |

| FURminator's U.S. Trademarks | | |
|---|---|---|
| 3,544,400 | Paw Design | Non-medicated, non-veterinary grooming preparation, namely deshedding hair conditioner for pets; **pet brush, namely a grooming device for fur bearing animals in the nature of a brush-like instrument for removal of the animal's loose or shedding hair**; dog treats |

26.     Copies of the Registration Certificates for the above-listed federal trademark registrations are attached hereto as Exhibits 7-9.

27.     The registration of the FURminator Marks on the principal register with the United States Patent and Trademark Office constitutes prima facie evidence of their validity and are conclusive evidence of FURminator's exclusive rights to use the FURminator Marks in commerce in connection with the goods named therein, and commercially related goods. 15 U.S.C. § 1057.  The registration of the FURminator Marks also constitutes constructive notice of FURminator's ownership and exclusive rights in the FURminator Marks. 15 U.S.C. § 1072.

28.     FURminator's products bearing the FURminator Marks are sold throughout the United States.

29.     In accordance with 15 U.S.C. § 1111, the FURminator Marks are, and have been, displayed on FURminator's products or on the packaging, marketing, or advertising materials, for such products, and are and were accompanied by the notation "®" to provide notice that the FURminator Marks are federally registered.

30.     FURminator has advertised and promoted grooming tools sold under the FURminator Marks throughout the United States by means of various media, including, but not limited to, television, the Internet, and magazines.

31.     As a consequence of FURminator's continuous use of the FURminator Marks throughout the United States, and due to the significant investment of time, money, and efforts, widespread sales, and the high quality of FURminator's products sold in connection with the FURminator Marks, these FURminator Marks have acquired value and are well-known to the consuming public and trade as identifying and distinguishing the source of FURminator's products.

### Sergeant's Infringing Activities

32.     On information and belief, Sergeant's, makes, uses, offers to sell, sells or imports into the United States tools that infringe the Patents in Suit, including but not limited to the "Groominator" pet grooming tools, an example of which is depicted below:



**Groominator Deshedding Tool**

33.     Sergeant's Groominator pet grooming tools infringe one or more claims of each of the '540 and '926 Patents.

34.     Sergeant's use of the trademark "Groominator" as a source identifier for its pet grooming tools infringes FURminator's trademark rights, described above.

**ShedBuster's Infringing Activities**

35.    On information and belief, ShedBuster make, use, offer to sell, sell or import into the United States the grooming tools depicted below:



**Dual Function de-Shedding Comb        Deshedding Tool – With Interchangeable Comb**

36.    ShedBuster's infringing grooming tools infringe one or more claims of each of the '540 and '926 Patents.

37.    ShedBuster also use a paw print with four toes as part of a corporate logo, depicted below:



38.     ShedBuster's corporate logo violates FURminator's trademark rights, including but not limited to the trademarks registered as U.S. Trademark Registration Nos. 3238141 and/or 3544400.

39.     On information and belief, Kefeng Pan directs ShedBuster.com's infringing activities.

**SWE's Infringing Activities**

40.     On information and belief, SWE, makes, uses, offers to sell, sells or imports into the United States tools that infringe the Patents in Suit, including but not limited to the Love2Pet pet grooming tools, examples of which are depicted below:



**Love2Pet Deshedding Tool**

41.     Collectively, the infringing tools from Defendants SWE, ShedBuster, and Sergeant's are referred to as the Accused Products.

**Count I**
**Infringement of the '540 Patent under 35 U.S.C. § 271**

42.     FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

43.     On information and belief, Defendants have been and are infringing the '540 Patent under one or more subsections of 35 U.S.C. § 271.

44.     Defendants directly infringe the '540 Patent by making, using, selling and/or offering to sell infringing Accused Products within the United States and/or importing into the United States the Accused Products.

45.     On information and belief, Defendants sell and offer for sale infringing Accused Products within the United States and import Accused Products into the United States.

46.     Others directly infringe the '540 Patent by using, selling, and/or offering to sell infringing Accused Products within the United States, and/or importing infringing Accused Products into the United States.

47.     Others directly infringe the '540 Patent through the practice of the methods claimed in the '540 Patent using Accused Products.

48.     On information and belief, Defendants know of the '540 Patent.

49.     On information and belief, Defendants know that others infringe the '540 Patent by using, selling, and/or offering for sale infringing Accused Products within the United States and intend to so induce others to infringe the '540 Patent.

50.     The Accused Products constitute components of a patented article, which may also be used for the practice of a patented process.

51.     Each of the Accused Products constitutes a material part of the invention and is especially made or adapted for use in an infringement of the '540 Patent.  On information and belief, Defendants are aware that each of the Accused Products constitutes a material part of the invention and is especially made or adapted for use in an infringement of the '540 Patent.

52.     Such Accused Products are not staple articles or suitable for a substantial non-infringing use.

53.     Defendants' conduct has damaged and will continue to damage FURminator.

54.     On information and belief, Defendants' infringement of the '540 Patent is and has been willful, making this case exceptional under 35 U.S.C. § 285.

**Count II**
**Infringement of the '926 Patent under 35 U.S.C. § 271**

55.     FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

56.     On information and belief, Defendants have been and are infringing the '926 Patent under one or more subsections of 35 U.S.C. § 271.

57.     Defendants directly infringe the '926 Patent by making, using, selling and/or offering to sell infringing Accused Products within the United States and/or importing into the United States the Accused Products.

58.     On information and belief, Defendants sell and offer for sale infringing Accused Products within the United States and import Accused Products into the United States.

59.     Others directly infringe the '926 Patent by using, selling, and/or offering to sell infringing Accused Products within the United States, and/or importing infringing Accused Products into the United States.

60.     Others directly infringe the '926 Patent through the practice of the methods claimed in the '926 Patent using Accused Products.

61.     On information and belief, Defendants know of the '926 Patent.

62.     On information and belief, Defendants know that others infringe the '926 Patent by using, selling, and/or offering for sale infringing Accused Products within the United States and intends to so induce others to infringe the '926 Patent.

63.     The Accused Products constitute components of a patented article, which may also be used for the practice of a patented process.

64.     Each of the Accused Products constitutes a material part of the invention and is especially made or adapted for use in an infringement of the '926 Patent.  On information and belief, Defendants are aware that each of the Accused Products constitutes a material part of the invention and is especially made or adapted for use in an infringement of the '926 Patent.

65.     Such Accused Products are not staple articles or suitable for a substantial non-infringing use.

66.     Defendants' conduct has damaged and will continue to damage FURminator.

67.     On information and belief, Defendants infringement of the '926 Patent is and has been willful, making this case exceptional under 35 U.S.C. § 285.

**Count III**
**SWE's False Patent Marking (35 U.S.C. § 292)**

68.     FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

69.     On information and belief, advertisements and packaging for SWE's Love2Pet grooming tool claim that SWE has a patent pending that applies to the Love2Pet grooming tools.

70.     On information and belief, SWE does not have an issued patent or a patent pending that covers the Love2Pet grooming tool.  Therefore, SWE cannot have a reasonable belief that its product is covered by any existing or pending patent of SWE.

71.     On information and belief, SWE engages in this false marking for the purposes of intentionally deceiving the public.

72.     On information and belief, the public is deceived by the false patent marking into believing that the product is an embodiment of and protected by a patent or pending patent of SWE.

73.     SWE's false marking contributes to harm directed at FURminator, the United States, and the general public.

74.     SWE's conduct constitutes impermissible False Marking under 35 U.S.C. § 292, with each product falsely marked and each false advertisement constituting a separate offense.

75.     Damages not exceeding $500 per each instance of false marking should be awarded, with one-half of such damages paid to the United States of America.

**Count IV**
**Sergeant's False Patent Marking (35 U.S.C. § 292)**

76.     FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

77.     Sergeant's Groominator grooming tools are marked with "Patent No. 200620072629.8."

78.     On information and belief, Patent No. 200620072629.8 is not a US Patent number. On information and belief, Sergeant's Groominator tool is not covered by any patent owned by Sergeants.  Therefore, Sergeant's cannot have a reasonable belief that their  products are covered by a US patent having the number 200620072629.8.

79.     On information and belief, Sergeant's engages in this false marking for the purposes of intentionally deceiving the public.

80.     On information and belief, the public is deceived by the false marking of the patent into believing that the product is an embodiment of the patent and protected by that patent.

81.     Sergeant's false marking contributes to harm directed at FURminator, the United States, and the general public.

82.     Sergeant's conduct constitutes impermissible False Marking under 35 U.S.C. § 292(a), with each product falsely marked and each false advertisement constituting a separate offense.

83.     Damages not exceeding $500 per falsely marked product should be awarded, with one-half of such damages paid to the United States of America.

**Count V**
**ShedBuster's False Patent Marking (35 U.S.C. § 292)**

84.     FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

85.     ShedBuster's Dual Function Tools are marked with "Patent No. 200620072629.8."

86.     On information and belief, Patent No. 200620072629.8 is not a US Patent number. On information and belief, the ShedBuster Dual Function Tool is not covered by any patent owned by ShedBuster.  Therefore, ShedBuster cannot have a reasonable belief that their products are covered by a US patent having the number 200620072629.8.

87.     On information and belief, ShedBuster engages in this false marking for the purposes of intentionally deceiving the public.

88.     On information and belief, the public is deceived by the false marking of the patent into believing that the product is an embodiment of the patent and protected by that patent.

89.     ShedBuster's false marking contributes to harm directed at FURminator, the United States, and the general public.

90.     ShedBuster's conduct constitutes impermissible False Marking under 35 U.S.C. § 292(a), with each product falsely marked and each false advertisement constituting a separate offense.

91.     Damages not exceeding $500 per falsely marked product should be awarded, with one-half of such damages paid to the United States of America.

## COUNT VI
### FURminator's Lanham Act Trademark Infringement and Unfair Competition against Sergeant's (15 U.S.C. § 1125)

92.     FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

93.     Sergeant's Groominator grooming tool has been and is infringing FURminator's trademarks.   Sergeant is engaging in unfair competition.

94.     FURminator owns valid trademark rights in the FURminator marks.

95.     Sergeant's use of Groominator on its grooming tools as described above is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Groominator with FURminator, or as to the origin, sponsorship or approval of Sergeant's goods or commercial activities by FURminator.

96.     Sergeant's conduct has damaged and will continue to damage FURminator.

## Count VII
### FURminator's Common Law Trademark Infringement and Unfair Competition against Sergeant's

97.     FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

98.     Sergeants has been and is infringing FURminator's trademarks and engaging in unfair competition.

99.     This Count is for unfair competition under the common law, including the law of Missouri and/or any of the other states where the parties do business.

100.    FURminator owns valid trademark rights in the FURminator marks as described above.

101.    Sergeant's use of Groominator on its grooming tools as described above is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Groominator with FURminator, or as to the origin, sponsorship or approval of Sergeant's goods or commercial activities by FURminator.

102.    Sergeant's conduct has damaged and will continue to damage FURminator.

**Count VIII**
**FURminator's Lanham Act Trademark Infringement and Unfair Competition against ShedBuster (15 U.S.C. § 1125)**

103.    FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

104.    ShedBuster has been and is infringing FURminator's trademark and engaging in unfair competition.

105.    FURminator owns valid trademark rights in the FURminator marks.

106.    ShedBuster's use of a paw mark, similar to that used by FURminator and on a "deshedding tool" in connection with its internet website www.ShedBuster.com is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of ShedBuster with FURminator, or as to the origin, sponsorship or approval of ShedBuster's goods or commercial activities by FURminator.

107.    ShedBuster's conduct has damaged and will continue to damage FURminator.

**Count IX**
**ShedBuster's Common Law Trademark Infringement and Unfair Competition against**
**ShedBuster**

108.    FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

109.    ShedBuster has been and is infringing FURminator's trademarks and engaging in unfair competition.

110.    This Count is for unfair competition under the common law, including the law of Missouri and/or any of the other states where the parties do business.

111.    FURminator owns valid trademark rights in the FURminator mark.

112.    ShedBuster's use of the FURminator mark on its internet website www.ShedBuster.com is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of ShedBuster with FURminator, or as to the origin, sponsorship or approval of ShedBuster's goods or commercial activities by FURminator.

113.    ShedBuster's conduct has damaged and will continue to damage FURminator.

**PRAYER FOR RELIEF**

WHEREFORE, FURminator prays for judgment against the Defendants as follows:

A.      Preliminarily and permanently enjoin each Defendant and any person acting in concert with it from further infringement of U.S. Patent Nos. 7,334,540 and 7,509,926;

B.      Declare that the claims of U.S. Patent Nos. 7,334,540 and 7,509,926 are valid, enforceable, and infringed by each Defendant;

C.      Award FURminator damages resulting from the Defendants' infringement of U.S. Patent Nos. 7,334,540 and 7,509,926;

D.      Award FURminator pre-issuance damages pursuant to 35 U.S.C. § 154(d);

E.      Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

F.      Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

G.      Award FURminator reasonable attorney fees under 35 U.S.C. § 285;

H.      Order the impounding and destruction of all the Defendants' products that infringe U.S. Patent Nos. 7,334,540 and 7,509,926;

I.      Award FURminator interests and costs;

J.      Defendants must pay FURminator punitive damages due to its willful infringement;

K.      Order an accounting of Defendants' profits resulting from sales of its products which infringe U.S. Patent Nos. 7,334,540 and 7,509,926;

L.      Permanently enjoin Defendants Sergeant's and ShedBuster, their subsidiaries, affiliates, franchisees, licensees, officers, agents, sales representatives, servants, employees, associates, successors and assigns, and all persons acting under their control, by, through, under, or in active concert or in participation with it, pursuant to 15 U.S.C. § 1116, from:

1.      Using FURminator or any other mark that is likely to cause confusion, mistake or deception with FURminator's FURminator mark;

2.      Using any mark or doing any act or thing likely to confuse the public that Defendants Sergeant's and Shedbuster's goods or services are in any way connected with FURminator, including, but not limited to, using the FURminator mark;

3.      Printing, publishing, promoting, lending, or distributing any advertisement, whether written, audio or visually portrayed which use or refer to the FURminator marks or any mark confusingly similar thereto;

M.      Defendants Sergeant's and Shedbuster must deliver up for the destruction all goods, advertising, literature, and other forms of promotional material bearing or showing the FURminator mark or a confusingly similar mark pursuant to 15 U.S.C. §1118;

N.      Defendants Sergeant's and Shedbuster must pay FURminator such damages as FURminator has sustained as a result of Defendant's infringement of the FURminator mark;

O.      Defendants Sergeant's and Shedbuster must account for all gains, profits, and advantages derived from its acts of infringement pursuant to 15 U.S.C. § 1117;

P.      Finding this is an exceptional case under 15 U.S.C. §1117, and awarding FURminator a sum above the amount found as actual damages not exceeding three times such amount, and its reasonable attorneys' fees;

Q.      Defendant must pay FURminator its costs and disbursements in bringing this action and prejudgment and post-judgment interest as appropriate pursuant to 15 U.S.C. § 1117;

R.      A decree that Defendants have falsely marked products in violation of 35 U.S.C. § 292 and an award for damages not in excess of $500 per each offense of false marking, with one-half paid to the United States of America.

S.      Defendants must report to this Court of its compliance with the foregoing within thirty (30) days of judgment; and

T.      For such other and further relief that the Court deems just and proper.

**Thompson Coburn LLP**

By: _/s/ David B. Jinkins_____
    Alan H. Norman
    Steven E. Garlock
    David B. Jinkins
    Matthew A. Braunel
    One US Bank Plaza
    St. Louis, MO  63101
    (314) 552-6000
    (314) 552-7000 (fax)

    *Attorneys for the Plaintiff*
    *FURminator, Inc.*