UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )   Case No. 4:10CV01829 RWS |
|  | ) |
| SERGEANT'S PET CARE PRODUCTS, INC., et al., | ) |
|  | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Furminator filed a multi-count complaint against Sergeant's Pet Care Products, Inc. and other defendants[1] alleging patent infringement, trademark infringement, and false marking. Count IV of Furminator's complaint alleges that Sergeant's violated 35 U.S.C. § 292(a), which prohibits the marking of an item with the word "patent" or a patent number for the purpose of deceiving the public. This matter is before me on Sergeant's motion for a judgment on the pleadings on Count IV of the complaint. Because Furminator has alleged sufficient facts in its complaint to satisfy Federal Rules of Civil Procedure 8(a) and 9(b) and disputed issues of material fact remain, I will deny Sergeant's motion for a judgment on the pleadings on Count IV of the complaint.

**Facts**

Furminator and Sergeant's are both pet product companies. The product at issue in Count IV of Furminator's complaint is Sergeant's Groominator deshedding tool. Furminator asserts a

---

[1] All other defendants have been dismissed from the case.

claim of false patent marking under 35 U.S.C. § 292(a).  The complaint alleges that Sergeant's Groominator tools are marked with "Patent No. 200620072629.8."  The complaint further alleges that Patent No. 200620072629.8 is not a US patent number.  Furminator also alleges, on information and belief, that Sergeant's Groominator tool is not covered by any patents owned by Sergeant's.  Based on those allegations, Furminator claims that Sergeant's lacked a reasonable belief in marking its product as it did, and that the product was falsely marked for the purpose of deceiving the public.

Sergeant's admits that the Groominator tool is marked with "Patent No. 200620072629.8" and that the patent number does not correspond to a US patent.  However, Sergeant's asserts that the marked number corresponds to a Chinese patent application, which has since resulted in an issued Chinese patent.  Sergeant's admits that it does not own the patent that is marked on the Groominator tool.  Sergeant's denies that it represented the Groominator tool as being covered by a US patent, and it denies the other allegations of Count IV of the complaint.

Sergeant's has moved for a judgment on the pleadings on Count IV of the complaint under Federal Rule of Civil Procedure 12(c).  In support of its motion, Sergeant's argues that it did not engage in false marking and that Count IV of Furminator's complaint is insufficiently plead under Federal Rules of Civil Procedure 8(a) and 9(b).

## Legal Standard

In ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party.  Judgment on the pleadings is not properly

2

granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to a judgment as a matter of law." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000) (citing Fed. R. Civ. P. 12(c)).  "The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."  Wright & Miller, *Federal Practice and Procedure:* Civil 3d § 1367.

## Discussion

Sergeant's argues that it is entitled to judgment on the pleadings on Count IV because (1) the complaint fails to meet the pleading standards of Fed. R. Civ. P. 8(a), (2) the complaint fails to meet the heightened pleading standards of Fed. R. Civ. P. 9(b), and (3) it did not engage in false marking.

A.   *Count IV of Furminator's Complaint Meets the Pleading Standards of 8(a)*

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 does not require "detailed factual allegations," it does require more than a "formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The United States Supreme Court in *Twombly* was addressing a dismissal under Fed. R. Civ. P. 12(b)(6), but the same analysis applies under Rule 12(c) when the motion contests the sufficiency of the pleading.  *See Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  The Supreme Court expounded on *Twombly* in its *Iqbal* decision:

To survive a motion to dismiss, a complaint must contain sufficient factual matter,

3

accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 1950 (2009) (internal citations omitted).

Count IV of Furminator's complaint meets the pleading standards of Rule 8(a). The complaint is more than a "[t]hreadbare recital[]" of the elements. *See Iqbal*, 129 S. Ct. at 1949 (citation omitted). Furminator specifically alleges that Sergeant's has marked its deshedding tool with "Patent No. 200620072629.8," that this is not an existing US patent number, and that the tool is not covered by any patents owned by Sergeant's. Furminator further alleges that Sergeant's cannot have a reasonable basis for believing that the deshedding tool is covered by a US patent, and they falsely marked the tool for the purpose of intentionally deceiving the public.

Applying the proper standards, it is at least facially plausible that Sergeant's could be liable for false marking when it marks its product as patented but the company does not own a patent that covers the product. Therefore, I find that Furminator has met the pleading standards of Rule 8(a).

  B. *Count IV of Furminator's Complaint Meets the Heightened Pleading Standards of 9(b)*

False marking claims under 35 U.S.C. § 292 are fraud based and therefore subject to the heightened pleading requirement of Rule 9(b). *See Brown v. Georgia-Pacific Consumer Products L.P.*, 2010 WL 4609393, at *2 (E.D. Mo. Nov. 5, 2010) (following *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009)). Rule 9(b) states that when alleging

fraud, "a party must state with particularity the circumstances constituting fraud." Rule 9(b) further states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Federal Circuit has noted that under 9(b), the pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). However,

> A plaintiff is not empowered under the Rules to plead the bare elements of his cause of action, affix the label general allegation, and expect his complaint to survive a motion to dismiss. Instead, a complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired.

In re BP Lubricants USA Inc., 2011 WL 873147, *3 (Fed. Cir. March 15, 2011) (internal citations and quotation marks omitted).

Count IV of Furminator's complaint has met the pleading standards of Rule 9(b). Furminator alleges that Sergeant's deshedding tool is marked as being patented under a specific patent number, "Patent No. 200620072629.8." Based on Sergeant's responsive pleading, it appears that the marked patent number does not exist. Rather, it is the number of a Chinese patent *application*, which has since resulted in a Chinese patent as a different number, CN 2904642 Y. This case is distinguishable from *Georgia-Pacific*, where the allegation was simply that a sophisticated business should have known when a patent expired. In that case, the failure to respond to the expiration of a patent which once existed, without more, did not permit an inference of the requisite state of mind for the false marking statute. In contrast, here Furminator alleges that Sergeant's marked its deshedding tool with "Patent No. 200620072629.8" when that product is not -- and has never been -- covered by any patents owned by Sergeant's. Under these

5

facts, Furminator has sufficiently pled the elements of its false marking claim under Rule 9(b), and Sergeant's motion for judgment on the pleadings will be denied.

        C.        *Dispute Issues of Material Fact Remain*

"Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved . . . ." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000) (citing Fed. R. Civ. P. 12(c)). Here, the parties dispute whether Sergeant's owns any patent that covers the Groominator deshedding tool. Furminator asserts that the Groominator deshedding tool is not covered by any patent owned by Sergeant's, whereas Sergeant's asserts that the product is covered by a Chinese patent. Because the record is not sufficiently developed at this stage and disputed issues of material fact remain, Sergeant's motion for judgment on the pleadings must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sergeant's Pet Care Products, Inc.'s Motion for Judgment on the Pleadings [#41] is **DENIED**.

                                                    */s/ Rodney W. Sippel*
                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2011.