IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 4:10-cv-01829-RWS |
| ) | |
| SERGEANT'S PET CARE PRODUCTS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT SCHEDULING PLAN

COME NOW FURminator, Inc. ("FURminator") and Sergeant's Pet Care Products, Inc. ("Sergeant's"), and submit their Joint Scheduling Plan in accordance with this Honorable Court's Order of April 6, 2011. ECF No. 50. The parties state as follows:

**1.      Track Assignment**

The parties agree that the assignment of this case to Track 2: Standard is appropriate.

**2.      Joinder of Additional Parties and Amendment of Pleadings**

The deadline for amending pleadings, adding counterclaims, and seeking to join additional parties without leave of Court shall be:

| FURminator's Proposal: | Sergeant's Proposal |
|---|---|
| **June 3, 2011**. | **June24, 2011**. |

**3.      Discovery Plan**

(i)      The parties will serve the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by **June 3, 2011**.

| **FURminator's Proposal** | **Sergeant's Proposal** |
|---|---|
| (ii) FURminator believes that there is no need for the parties to conduct discovery in phases or limited to certain issues, except as set forth below.  This case presents several claims that are not impacted by claim construction, including but not limited to FURminator's claims of trademark infringement and patent false marking against Sergeant's.  Thus, in the interest of judicial economy, the Court should permit the parties to take discovery on all issues simultaneously.  In addition, the Eastern District of Missouri, in *FURminator, Inc. v. Kim Laube & Co.*, issued a *Markman* Order construing the claims.  FURminator believes that this Court should adopt the *FURminator, Inc. v. Kim Laube & Co.* construction.  Even if the Court does not adopt the previous construction, counsel representing the parties to this dispute have construed these claims multiple times before and FURminator does not believe that expansive claim construction discovery is needed.<br><br>(iii) FURminator requests that the Court establish **October 14, 2011** as the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2)(A-B) on issues for which a party carries the burden of proof; **November 14, 2011** as the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2)(A-B) on issues for which a party does not carry the burden of proof; and **December 14, 2011** as the deadline for rebuttal expert disclosures under Fed. R. Civ. P. 26(a)(2)(A-C).  FURminator requests that the Court establish the deadline for depositions of expert witnesses as **January 13, 2012**.<br><br>(iv) The presumptive limits for depositions under the Federal Rules should not govern and | (ii) Sergeant's believes that discovery should be conducted in phases and shall proceed in the manner outlined below, as ordered by this Court previously in the prior litigation entitled *FURminator, Inc. v. Coastal Pet Products, Inc.*, 4:10-cv-00375 RWS (Doc. # 30).  Specifically, Sergeant's submits that, after the Court issues its Claim Construction Ruling, the Court should set a Scheduling Conference to establish the remaining discovery deadlines (including deadlines for the submission of Final Infringement and Invalidity Contentions, deadlines for general fact discovery, and deadlines for expert disclosures and discovery), and a trial setting.  Sergeant's counsel's familiarity or lack of familiarity with the patents-in-suit is immaterial and does not alter the simple fact that construing the claims prior to the opening of fact discovery could lead to significant saving for the parties as those claim constructions may be case dispositive.<br><br>(iii) As set forth above, Sergeant's believes that there is no need to set a deadline for expert witness disclosures and discovery on non-claim construction issues at this stage.  However, if the Court disagrees, Sergeant's requests that the Court establish **March 20, 2012** as the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2)(A-B) on issues for which a party carries the burden of proof; **April 19, 2012** as the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2)(A-B) on issues for which a party does not carry the burden of proof; and **May 18, 2012** as the deadline for rebuttal expert disclosures under Fed. R. Civ. P. 26(a)(2)(A-C).  Sergeant's requests that the Court establish the deadline for depositions of expert witnesses as **June 20, 2012** |

2

| FURminator's Proposal | Sergeant's Proposal |
|---|---|
| each side shall be given 20 depositions of fact witnesses pursuant to Fed. R. Civ. P. 30.[1]  In addition, each side shall be permitted to depose a proffered expert witness for a maximum of seven (7) hours per expert report disclosed by the expert.  A party will be permitted to depose each Rule 30(b)(6) designated deponent for a maximum of seven (7) hours.<br><br>(v) FURminator requests that the Court establish **January 13, 2012** as the deadline for completion of all discovery. | (iv) The presumptive limits for depositions under the Federal Rules should govern.  In addition, each side shall be permitted to depose a proffered expert witness for a maximum of seven (7) hours per expert report disclosed by the expert.  A party will be permitted to depose each Rule 30(b)(6) designated deponent for a maximum of seven (7) hours.<br><br>(v) As set forth above, Sergeant's requests that the Court not set a deadline for the completion of all discovery until after the Court issues its Claim Construction Ruling.  However, if the Court disagrees, Sergeant's requests that the Court establish **June 20, 2012** as the deadline for all discovery. |

(v)     Each side shall be permitted twenty-five (25) interrogatories under Fed. R. Civ. P. 33.

(vi)    The parties do not anticipate the need for physical or mental examination of parties pursuant to Fed. R. Civ. P. 35.

(vii)   Subject to the limitations of Rule 2.3 of this Court's Patent Rules and any limitations addressed at the Rule 16 conference, the parties propose that they may serve written discovery requests in accordance with the Federal Rules of Civil Procedure.

(viii)  The parties are presently unaware of any other matters pertinent to the completion of discovery in this case.

**4.     Infringement Contentions**

---

[1] FURminator believes that this deposition limit is appropriate given the claims and defenses present in this suit.

3

(i) FURminator shall serve its Disclosure of Asserted Claims and Preliminary Infringement Contentions by **June 14, 2011**.

| FURminator's Proposal | Sergeant's Proposal |
|---|---|
| (ii) Sergeant's shall serve its Counter Infringement Contentions **by July 8, 2011**. | (ii) Sergeant's should not be required to submit Counter Infringement Contentions in this case, but if it is required to do so, the deadline should be .**July 12, 2011**. |
| (iii) FURminator shall be allowed to serve Amended Preliminary Infringement Contentions without leave of court by **August 1, 2011.** | (iii) FURminator shall be allowed to serve Amended Preliminary Infringement Contentions without leave of court by **August 30, 2011**.<br><br>(iv) FURminator shall serve any Final Infringement Contentions within 30 days of the Court's Claim Construction Ruling. |

## 5. Invalidity Contentions

| FURminator's Proposal | Sergeant's Proposal |
|---|---|
| (i) Sergeant's shall serve Preliminary Invalidity Contentions by **July 22, 2011**.<br><br>(ii) FURminator believes that Counter Invalidity Contentions and other Final Contentions should be governed by Local Patent Rule 3-7. | (i) Sergeant's shall serve Preliminary Invalidity Contentions by **August 2, 2011**.<br><br>(ii) FURminator shall serve Counter Invalidity Contentions by **August 30, 2011**.<br><br>(iii) Sergeant's shall serve any Final Invalidity Contentions within 30 days of the Court's Claim Construction Ruling. |

## 6. Claim Construction

| FURminator's Proposal | Sergeant's Proposal |
|---|---|
| (i) The parties shall simultaneously exchange proposed terms and claim elements for construction by **August 10, 2011**.<br><br>(ii) The parties shall meet and confer on their | (i) The parties shall simultaneously exchange proposed terms and claim elements for construction by **September 13, 2011**.<br><br>(ii) The parties shall meet and confer on their |

| FURminator's Proposal | Sergeant's Proposal |
|---|---|
| proposed terms by **August 17, 2011**.<br><br>(iii) The parties shall exchange preliminary claim constructions and extrinsic evidence (including disclosure of claim construction expert witnesses and provide reports) by **August 29, 2011**.<br><br>(v) The parties shall meet and confer on their proposed claim constructions by **September 5, 2011**.<br><br>(vi) The parties shall file their Joint Claim Construction and Pre-Hearing Statement by **September 14, 2011**.<br><br>(vii) FURminator requests that the Court establish **October 3, 2011** as the deadline for completion of all claim construction discovery.<br><br>(viii) The parties shall file their opening claim construction briefs by **October 17, 2011**.<br><br>(ix) The parties shall file responsive claim construction briefs by **October 31, 2011**.<br><br>(ix) FURminator requests request a claim construction hearing on **November 18, 2011** or any time thereafter in accordance with the Court's calendar. | proposed terms by **September 20, 2011**.<br><br>(iii) The parties shall exchange preliminary claim constructions and extrinsic evidence by **October 10, 2011**.<br><br>(iv) The parties shall disclose all claim construction expert witnesses and provide reports by **October 17, 2011**.<br><br>(v) The parties shall meet and confer on their proposed claim constructions by **October 17, 2011**.<br><br>(vi) The parties shall file their Joint Claim Construction and Pre-Hearing Statement by **November 7, 2011**.<br><br>(vii) Sergeant's requests that the Court establish **December 5, 2011** as the deadline for completion of all claim construction discovery.<br><br>(viii) The parties shall file their opening claim construction briefs by **December 23, 2011**.<br><br>(ix) The parties shall file responsive claim construction briefs by **January 3, 2011**.<br><br>(ix) Sergeant's requests a claim construction hearing on **January 20, 2012** or any time thereafter in accordance with the Court's calendar. |

7. **Mediation or Early Neutral Evaluation**

The parties believe that referral to mediation would be appropriate, and would be most productive after **September 9, 2011** and concluded before **November 9, 2011**.

8. **Daubert and Dispositive Motions**

| FURminator's Proposal | Sergeant's Proposal |
|---|---|
| FURminator requests that the Court establish **February 17, 2012** as the deadline for filing | As set forth above, Sergeant's requests that the Court not set a deadline for Daubert or |

5

| | |
|---|---|
| any Daubert motions, motions to dismiss, motions for summary judgment or other dispositive motions. | dispositive motions until after it issues its Claim Construction Ruling. However, if the Court disagrees, Sergeant's requests that the Court establish **July 20, 2012** as the deadline for filing any Daubert motions, motions to dismiss, motions for summary judgment or other dispositive motions |

9. **Earliest Date for Trial**

| FURminator's Proposal | Sergeant's Proposal |
|---|---|
| FURminator believes that the earliest date by which this case should reasonably be expected to be ready for trial is **May 14, 2012**. | Sergeant's believes that the earliest date by which this case should reasonably be expected to be ready for trial is **October 15, 2012**. |

10. **Estimate of Time Needed for Trial**

The parties estimate that jury trial of this case will require seven to ten days.

11. **Electronic Discovery**

The parties shall provide discovery of electronically stored information from all sources that the requesting party identifies, as limited by the Federal Rules of Civil Procedure. The parties may produce information that can be reduced to paper format without loss of relevant information in paper format (i.e., e-mail, Word documents, and Excel Spreadsheets can be produced in paper format or as pdf images or the like). Any document that, if produced in paper format, would cause relevant information to be lost, shall be produced in native format (i.e., videos, CAD materials, etc. shall be produced in native format). The parties do not presently anticipate the relevancy of metadata, but agree to negotiate the production of metadata in good faith should it become relevant.

Respectfully submitted,

| THOMPSON COBURN LLP | POLSINELLI SHUGHART |
|---|---|
| By:/s/ Steven E. Garlock | By:/s/ Keith J. Grady |
| ALAN H. NORMAN (#38555MO) | KEITH J. GRADY  (#46757MO) |
| STEVEN E. GARLOCK (#38346MO) | Direct:  314-552-6883 |
| DAVID B. JINKINS (#49254MO) | GRAHAM L.W. DAY  (#45687MO) |
| One US Bank Plaza | Direct:  314-622-6609 |
| St. Louis, MO  63101 | 100 South Fourth Street, Suite 1100 |
| Tel.:  314-552-6000 | St. Louis, Missouri  63102 |
| Fax: 314-552-7000 | Main:  314-889-8000 |
| anorman@thompsoncoburn.com | Fax:   314-231-1776 |
| sgarlock@thompsoncoburn.com | kgrady@polsinelli.com |
| djinkins@thompsoncoburn.com | gday@polsinelli.com |

### **CERTIFICATE OF SERVICE**

    I hereby certify that on May 20, 2011, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

    /s/ Steven E. Garlock